UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| PAUL COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 13-82-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| INDIANA INSURANCE CO. and | ) | **MEMORANDUM OPINION** |
| ADAM BILINSKI, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case arises out of an automobile accident in Happy, Perry County, Kentucky.  [R. 1-3.]  After the accident, Mr. Paul Couch filed this action against his insurance provider, Indiana Insurance Company (Indiana Insurance).  Before the Court is Indiana Insurance's Motion to Bifurcate and Stay Discovery.  [R. 9.]  Indiana Insurance offers considerable support for its motion.  [R. 9.]  Plaintiff did not respond.  Indiana Insurance has carried its burden and the motions to bifurcate and stay will be granted.

**I**

On August 23, 2011, Paul Couch was stopped in traffic on Kentucky Highway 15 in Happy, Kentucky.  [R. 1-3 at 2.]  While Couch was waiting for traffic to begin moving, he was hit from behind by another vehicle, driven by Ms. Soshia Bailey.  [Id.]  Couch alleges that Bailey was speeding, not paying attention and driving negligently.  [Id.]  Couch was injured as a result

of this motor vehicle accident. [R. 1-3 at 1.] Bailey's driver's insurance company settled with Couch for the full limits of its coverage. [Id. at 2.] Thereafter, Couch notified Indiana Insurance that he desired to file a claim against his underinsured motorist policy. [Id. at 3] Indiana Insurance failed to pay this claim and advised Couch that he had been fully compensated. [Id.] Couch filed suit in Perry Circuit Court on April 1, 2013. [R. 1-3.] The case was removed by Indiana Insurance to this Court on April 19, 2013. [R. 1.] Two claims are alleged. The first claim relates to payment of underinsured motorist benefits for injuries allegedly sustained in the accident and the second claim is for bad faith in Indiana Insurance's failure to engage in good faith settlement negotiations, as is required by the Kentucky Unfair Claims Settlement Practices Act.

## II

### A

Federal Rule of Civil Procedure 42(b) provides that, "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Convincing a court to utilize its discretion to separate a trial is the moving party's responsibility, and a court should separate a trial once it has determined that is the most appropriate course of action. *Brantley v. Safeco Insurance Comp. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (citations omitted). Factors that should be considered in determining what is most appropriate include instances where two issues will be decided through the use of unrelated evidence "or where litigation of one issue may obviate the need to try another issue." *Id*. (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010)). The Sixth Circuit listed "potential prejudice to the parties, the possible confusion of the

jurors, and the resulting convenience and economy" as other important considerations. *Id.* (quoting *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)).

**B**

The facts of this case mirror those of numerous cases throughout Kentucky, and beyond, that have considered insurance contract claims and bad faith claims and consistently granted motions to bifurcate and stay discovery. *Bruckner v. Sentinal Ins. Co. Ltd.*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011); *Brantley*, 2011 WL 6012554, at *2 (citing several cases); *Hoskins v. Allstate Prop. & Cas. Ins. Co.*, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). Bifurcation is so prevalent in this area because of the three elements that must be proven to prevail on a bad faith claim:

> (1) the insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Bruckner*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). Until Couch prevails on his underinsured policy claim, he will be unable to properly support all of those elements. Thus, "one issue may obviate the need to try another issue," *Brantley*, 2011 WL 6012554, at *1, and judicial economy may be furthered by bifurcating the claims. *Bruckner*, 2011 WL 589911, at *2 (citing *Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir. 2005)).

Couch did not respond to the Indiana Insurance's motion. Nevertheless, the Court is convinced that bifurcation of these claims at trial provides the most expedient path going forward.

The Court can find no compelling reason why discovery on the bad faith claim should not also be stayed. The *Brantley* court provided well-reasoned analysis: discovery could reveal Indiana Insurance's work-product and raise issues regarding privilege, and Indiana Insurance may be prejudiced by engaging in discovery for a subsidiary claim that will never have proper support. 2011 WL 6012554, at *2.

### III

Accordingly, and the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

(1) Indiana Insurance's Motion to Bifurcate and Stay Discovery [R. 9] on Couch's bad faith claim is **GRANTED;** and,

(2) The two claims at issue in this matter will be bifurcated for both trial and discovery, with a stay being issued as to Couch's bad faith claim, pending resolution of his underinsured insurance claim.

This 31st day of October, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge